UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHEKEVIA BROWN,

      Plaintiff,

v.                    Case No.: 8:21-cv-2371-VMC-JSS

TRANS UNION, LLC,
EQUIFAX INFORMATION
SERVICES, LLC, and
EXETER FINANCE, LLC,

      Defendants.

_____/

**ORDER**

This cause comes before the Court pursuant to the Motion for Judgment on the Pleadings filed by Defendant Exeter Finance, LLC on December 27, 2021. (Doc. # 35). Plaintiff Shekevia Brown responded on January 17, 2022, and Exeter filed a reply on January 27, 2022. (Doc. ## 38, 47). For the reasons given below, the Motion is granted.

**I.   Background**

On October 7, 2021, Brown initiated this lawsuit, alleging that Defendants Exeter, Trans Union, LLC, and Equifax Information Services, LLC had violated her rights under the Fair Credit Reporting Act ("FCRA"). (Doc. # 1). She alleged that Trans Union and Equifax are consumer reporting

1

agencies ("CRAs") and that Exeter furnished information to the CRAs. (Id. at ¶¶ 6-12). The complaint alleges that Trans Union and Equifax prepared and issued credit reports that contained "inaccurate and misleading information" relating to Brown's Exeter account. (Id. at ¶ 14). Specifically, the information furnished by Exeter and published by the CRAs "is inaccurate since the accounts contain an incorrect current payment status of '90 days past due'" when, in fact, the account was paid and closed. (Id. at ¶¶ 15, 16). According to Brown, this "pay status" field is "specifically designed to be understood as the current status of the account." (Id. at ¶ 18). Further, "credit scoring algorithms take [the payment status] field into account when generating a credit score, and when it is showing this negative status, it would cause a lower credit score to be generated than a closed status." (Id.).

Based on these allegations, Brown sued Trans Union and Equifax for alleged FCRA violations and, as pertinent to the instant Motion, also alleged claims of willful and negligent FCRA violations under of 15 U.S.C. § 1681s-2 against Exeter (Counts Five and Six of the Complaint). (Id. at 12-15).

This case has been dismissed as to Trans Union, and Equifax has filed an answer. (Doc. ## 21, 45). On November

24, 2021, Exeter filed its answer to the complaint. (Doc. # 22). Thereafter, Exeter filed its Motion for Judgment on the Pleadings. (Doc. # 35). The Motion is fully briefed (Doc. ## 38, 47) and is now ripe for review.

## II.   **Legal Standard**

Pursuant to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss." StoneEagle Servs., Inc. v. Pay-Plus Sols., Inc., No. 8:13-cv-2240-VMC-MAP, 2015 WL 518852, at *1 (M.D. Fla. Feb. 9, 2015)(citations omitted). "In determining whether a party is entitled to judgment on the pleadings, [the Court] accept[s] as true all material facts alleged in the non-moving party's pleading, and [the Court] view[s] those facts in the light most favorable to the non-moving party." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014).

When considering a motion for judgment on the pleadings, courts may consider documents that are not a part of the pleadings so long as those documents are central to the claim at issue and their authenticity is undisputed. Id. at 1340 n.12. Here, Brown's Trans Union and Equifax credit reports,

while not attached to the pleadings, are central to her FCRA claims and although the parties may dispute how they should be legally interpreted, no party challenges the reports' authenticity. See (Doc. # 38 at 3 n.1). Accordingly, the Court will consider the credit reports.

**III. Analysis**

The FCRA requires entities that furnish information to CRAs, such as Exeter, to furnish accurate information. 15 U.S.C. § 1681s-2(a)(1)(A). Once such entities receive notice of a dispute regarding the completeness or accuracy of any information, the entity must conduct an investigation, review all relevant information, and report the results of the investigation to the CRA. Id. § 1681s-2(b)(1)(A)-(C). If the investigation finds information to be inaccurate or incomplete, the reporting entity must modify, delete, or permanently block that item of information. Id. § 1681s-2(b)(1)(E).

Here, Brown alleges that Exeter violated this duty when it "failed to conduct its reinvestigation in good faith" and "continued to report this account on the Plaintiff's credit report after being notified of her dispute regarding the current payment status." (Doc. # 1 at ¶¶ 64-65, 75-76).

The statute contemplates three possible outcomes of a satisfactory investigation: (1) the information is accurate and complete; (2) the information is inaccurate or incomplete; or (3) the information cannot be verified. Felts v. Wells Fargo Bank, N.A., 893 F.3d 1305, 1312 (11th Cir. 2018). Whether the furnisher has satisfied its obligations under Section 1681s-2(b) is reviewed under a reasonableness standard. Id. "When a furnisher ends its investigation by reporting that the disputed information has been verified as accurate, the question of whether the furnisher behaved reasonably will turn on whether the furnisher acquired sufficient evidence to support the conclusion that the information was true." Id. (internal quotation marks omitted). Additionally, the Eleventh Circuit has declared that a Section 1681s-2(b) claim "cannot survive a motion to dismiss without some supportable allegation that the reported information is inaccurate or incomplete." Leones v. Rushmore Loan Mgt. Servs., LLC, 749 Fed. App'x 897, 901 (11th Cir. 2018).

The Court now turns to Brown's Exeter account information, as reflected in the Trans Union and Equifax credit reports.

<u>Trans Union</u>

The relevant portion of the Trans Union report is reproduced below:

**EXETER FINANCE LLC** ▮▮▮▮▮▮ ( 2101 W JOHN CARPENTER FWY, IRVING, TX 75063, (800) 321-9637 )

| | | | | |
|---|---|---|---|
| Date Opened: | 03/11/2019 | Date Updated: | 09/15/2020 |
| Responsibility: | Individual Account | Payment Received: | $0 |
| Account Type: | Installment Account | Last Payment Made: | 09/15/2020 |
| Loan Type: | AUTOMOBILE | | |

Pay Status: ›Account 60 Days Past Date‹
Terms: $0 per month, paid Monthly for 74 months
Date Closed: 09/15/2020
›Maximum Delinquency of 60 days in 08/2020 for $649 and in 09/2020‹

**High Balance:** High balance of $14,045 from 04/2019 to 09/2020
**Remarks:** CLOSED
**Estimated month and year that this item will be removed:** 06/2027

| | 09/2020 | 08/2020 | 07/2020 | 06/2020 | 05/2020 | 04/2020 | 03/2020 | 02/2020 | 01/2020 | 12/2019 | 11/2019 | 10/2019 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Balance | $0 | $2,166 | $2,135 | $2,513 | $13,166 | $13,288 | $13,414 | $13,533 | $13,665 | $13,784 | $13,578 | $13,379 |
| Scheduled Payment | $0 | $324 | $324 | $324 | $324 | $324 | $324 | $324 | $324 | $324 | $324 | $324 |
| Amount Paid | $0 | $0 | $410 | $10,652 | $324 | $324 | $324 | $324 | $324 | $0 | $0 | $324 |
| Past Due | $0 | $649 | $324 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| Rating | 60 | 60 | 30 | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 09/2019 | 08/2019 | 07/2019 | 06/2019 | 05/2019 | 04/2019 |
|---|---|---|---|---|---|---|
| Balance | $13,497 | $13,621 | $13,736 | $13,850 | $13,968 | $14,077 |
| Scheduled Payment | $324 | $324 | $324 | $324 | $324 | $324 |
| Amount Paid | $324 | $324 | $324 | $324 | $324 | $324 |
| Past Due | $0 | $0 | $0 | $0 | $0 | $0 |
| Rating | OK | OK | OK | OK | OK | OK |

The document reflects that the "last payment made" was on September 15, 2020, and the "payment received" was $0. (Doc. # 35-2 at 5). The account was also closed on September 15, 2020, with a $0 balance. Still, Brown's credit report continued to show that the Exeter account was 60 days past due.[1] Under "Remarks," the account shows "CLOSED." (<u>Id.</u>).

<u>Equifax</u>

The relevant portion of the Equifax report is reproduced below:

---

[1] While Brown alleged in the Complaint that the pay status was "90 days past due," the exhibit reflects that the account was actually marked as 60 days past due. The discrepancy is irrelevant for purposes of the Court's analysis.

>>> **The information you disputed has been updated as well as other information on this item. Account # -** ████**8443* The results are:**
This account has been updated. Additional information has been provided from the original source regarding this item. THE FOLLOWING FIELDS HAVE BEEN MODIFIED: *STATUS  *BALANCE  *PAST DUE  *SCHEDULED PAYMENT  *CLOSED DATE  *ACTIVITY DESIGNATOR  *ADDITIONAL INFORMATION  *ACCOUNT HISTORY.  If you have additional questions about this item please contact: **Exeter, PO Box 166097, IRVING, TX 75016-6097**

| **Exeter Finance** | PO Box 166097 Irving TX 75016-6097 | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification |
| ████8443* | 03/11/2019 | $ 14,045 | | 74 Months | Monthly | 18 | *Paid and Closed* | |

| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Payment | Actual Payment Amount | Scheduled Payment Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj Del 1stRptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/19/2020 | *$ 0* | | 09/2020 | $ 34 | | 07/2020 | | | | | | | *09/2020* |

| Status | Type of Account | Type of Loan | Whose Account | Portfolio Indicator | Portfolio Status |
|---|---|---|---|---|---|
| Charge Off | Installment | Auto | Individual Account | | |

**ADDITIONAL INFORMATION:**
*Account Paid For Less Than Full Balance*

*Closed or Paid Account/Zero Balance*

Auto

Fixed Rate

Account History with Status Codes

| | 09/2020 | 08/2020 | 07/2020 |
|---|---|---|---|
| | 3 | 2 | 1 |

| Historical Account Information | Balance | Scheduled Payment Amount | Actual Payment Amount | Date of Last Payment | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| 10/20 | No Data Available | | | | | | | | |
| 09/20 | $ 2,177 | $ 324 | $ 34 | 09/01/2020 | $ 14,045 | | $ 974 | Auto | |
| ADDITIONAL INFORMATION:<br>Fixed Rate | | | | | | | | | |
| 08/20 | $ 2,166 | $ 324 | | 07/01/2020 | $ 14,045 | | $ 649 | Auto | |
| ADDITIONAL INFORMATION:<br>Fixed Rate | | | | | | | | | |
| 07/20 | $ 2,135 | $ 324 | $ 410 | 07/01/2020 | $ 14,045 | | $ 324 | Auto | |
| ADDITIONAL INFORMATION:<br>Fixed Rate | | | | | | | | | |
| 06/20 | $ 2,513 | $ 324 | $ 10,652 | 05/01/2020 | $ 14,045 | | | Auto | |
| ADDITIONAL INFORMATION:<br>Fixed Rate | | | | | | | | | |

The document reflects that, under "activity designator," the account is marked "Paid and Closed." (Doc. # 35-1 at 10). The "balance amount" is $0. The last payment was made in September 2020, and the account was closed that same month. Under "status," the account is marked "Charge Off." And under "Additional Information," the account states: "Account Paid for Less than Full Balance; Closed or Paid Account/Zero Balance." (Id.). Under "Account History," September 2020 is

coded a "3," meaning the account was 90-119 days past due. (Id. at 4, 10). Like the Trans Union report, the Equifax report shows that the account was up to date in June 2020, became $324 past due in July 2020, then $649 past due in August 2020, and the account was closed in September 2020. (Id. at 11).

Here, Brown's claim against Exeter fails because she has failed to set forth a supportable allegation that the reported information is inaccurate or misleading. See Leones, 749 F. App'x at 901; see also Diaz v. Equifax Info. Servs., LLC, No. 2:20-cv-437-JLB-MRM, 2021 WL 2814908, at *4 (M.D. Fla. Feb. 19, 2021) (applying Felts and Leones to conclude that a plaintiff must plausibly allege that a "consumer's information [is] actually inaccurate" in order to state a claim under Section 1681s-2(b)).

In the Eleventh Circuit, accuracy under the FCRA means that the information "must be factually true and also unlikely to lead to a misunderstanding." Erickson v. First Advantage Background Servs. Corp., 981 F.3d 1246, 1252 (11th Cir. 2020). Whether a report is "misleading" is an "objective" question. Id. "If a report is so misleading that it is objectively likely to cause the intended user to take adverse action against its subject, it is not maximally accurate. On the

other hand, the fact that some user somewhere could possibly squint at a report and imagine a reason to think twice about its subject would not render the report objectively misleading." Id. When evaluating claims of inaccurate or false information in a credit report, "the report must be reviewed and considered in its entirety, instead of focusing on a single field of data." Lacey v. TransUnion, LLC, No. 8:21-cv-519-WFJ-JSS, 2021 WL 2917602, at *4 (M.D. Fla. July 12, 2021).

Here, when viewing the credit reports in their entirety, it is readily apparent that the account is accurate and not misleading. The Trans Union report clearly states that the account (1) has a balance of $0; (2) was last updated on September 15, 2020; (3) was closed on September 15, 2020; (4) was 60 days past due in August and September 2020; and (5) is closed. Likewise, the Equifax account clearly states that the account (1) is "Paid and Closed" and (2) was closed in September 2020 (3) with a "Zero Balance."

Viewing the credit reports objectively and in their entirety, the only reasonable reading of the Exeter account is that the account was past due in September 2020, at which time the account was updated one last time and closed – zeroing out the balance. It does not indicate, as Brown

argues, that she is currently 60 days (or 90 days) past due. See O'Neal v. Equifax Info. Servs., LLC, et al., No. 21-cv-80968-RAR, 2021 WL 4989943, at *3 (S.D. Fla. Oct. 27, 2021) (pointing out that, under nearly identical facts, "there is no possible way that a reasonable creditor would believe that Plaintiff was 120 days late on a $0 balance").

Other courts in this District have reached similar conclusions on similar facts. See Lacey, 2021 WL 2917602, at *6 ("[W]hen Plaintiff Lacey's credit report is viewed in its entirety, it is clear that it was accurately reported and is not misleading. On its face, the credit report reflects that as of August 7, 2015, the account: (1) had a balance of $0; (2) was last updated on August 7, 2015; (3) was closed on that same date; (4) was 120 days past due from June 2015 through August 7, 2015; and (5) was foreclosed with collateral sale. Objectively, no reasonable creditor looking at the report would be misled into believing that Plaintiff Lacey had a present pending amount due."); Smith v. Transunion, LLC, No. 6:21-cv-349-GAP-LRH, 2021 WL 3111583, at *2 (M.D. Fla. July 1, 2021) ("When viewed in its entirety, Trans Union's reporting of the Account is neither inaccurate nor materially misleading. The report shows a pay status that is 60 days past due, but also shows that the Account was fully

paid off and closed, leaving a $0 balance. Smith does not deny that she was at least 60 days past due when she paid off the Account or otherwise claim that there was any factual error in the report. Smith nevertheless argues that the pay status section, which shows that the Account was 60 days past due at the time it was closed, is materially misleading because a creditor viewing the report may believe the Account is still open and overdue. But the pay status section reflects historical information regarding a past delinquency and does not suggest that the Account is still open and past due. Indeed, the Account clearly notates that it is closed and that 60 days is simply the maximum delinquency that occurred during the Account's history. Therefore, the report is not misleading as a matter of law, and that no reader would mistakenly believe the Account is somehow still open."); Pineda v. Trans Union, LLC, No. 2:21-cv-653-SPC-MRM, 2021 WL 5798282, at *2 (M.D. Fla. Dec. 7, 2021) ("But looking objectively at the report as a whole (not just at the 'Pay Status' field as Pineda urges), it is not materially misleading. The 'Pay Status' field reflects historical information. The first page of the report explains that for closed accounts (such as the Habitat account), the 'Pay Status' field represents the last reported status of the

account. The 'Pay Status' field does not say that it represents the current status of the account. The report notes that the Habitat account is closed and that 30 days is the maximum delinquency on the account reported in September 2015. Thus, viewing the credit report objectively, there is no possible way that a reasonable creditor would believe that Plaintiff was [30] days late on a $0 balance. (citations omitted)); see also Deonarine v. TransUnion, LLC, et al., No. 6:21-cv-1278-GAP-GJK, at p. 7-8 (M.D. Fla. Dec. 13, 2021) (attached to Exeter's Motion as Exh. C (Doc. # 35-3)) (dismissing identical claims against a CRA and an information furnisher as without merit because no reasonable creditor would believe the account was currently 120 days past due and the report was not misleading as a matter of law).

In her response, Brown cites and attaches a different Equifax credit report than the one submitted by Exeter. See (Doc. # 38-1). She argues that the report cited by Exeter contains Equifax's investigation results in response to her dispute, noting that the credit report cited by Exeter states that:

> *The information you disputed has been updated as well as other information on this item. Account # - 8443* The results are:*
> This account has been updated. Additional information has been provided from the original

> source regarding this item. THE FOLLOWING FIELDS
> HAVE BEEN MODIFIED: *STATUS *BALANCE *PAST DUE
> *SCHEDULED PAYMENT *CLOSED DATE *ACTIVITY
> DESIGNATOR *ADDITIONAL INFORMATION *ACCOUNT
> HISTORY.

(Doc. # 38 at 6-7); see also (Doc. # 35-1 at 10). Brown points

out that the "original report . . . contains no such

designations" and instead states the following under "Account

Status": "NOT_MORE_THAN_THREE_PAYMENTS_PAST_DUE." (Doc. #

38-1 at 20). Under "Comments," the account states "Consumer

disputes – reinvestigation in progress." (Id. at 21).

But this argument does not carry the day for Brown.

Looking at the presumably earlier-in-time credit report

submitted by Brown as a whole, it is still readily apparent

that the account was closed in September 2020 with a $0

balance. (Doc. # 38-1 at 20-21 (stating a $0 "Balance" and a

"Date Closed" of September 1, 2020)). Thus, even without the

"Paid and Closed" language contained in the later report,

this credit report is also not inaccurate or misleading. See

Lacey, 2021 WL 2917602, at *6 (finding that, even in absence

of a "paid and closed" notation, credit report was not

inaccurate or misleading where the closing date and balance

indicated that account was closed); Smith, 2021 WL 3111583,

at *2 (same).

In addition, Brown does not dispute that the status of the account as of the date the complaint was filed is correct. She instead asserts that the "pay status" field "would cause a lower credit score to be generated than a closed status." (Doc. # 1 at ¶ 18). She alleges that computer algorithms take the "pay status" field into account when automatically generating credit scores and that "[f]or this reason, it is not appropriate to state that when the report is read as a whole contains enough information as to not harm the consumer, since the harm to the credit score is happening automatically with this false information." (Id. at ¶¶ 18-20).

But this argument has been rejected by multiple courts. See Deonarine, Doc. # 35-3 at 8; Pineda, 2021 WL 5798282, at *3; O'Neal, 2021 WL 4989943, at *3. As explained by the court in O'Neal:

> [S]uch allegations "completely ignore[] Eleventh Circuit case law and the requirements of the FCRA [because] . . . the Eleventh Circuit's decisions in Cahlin and Erickson instruct lower courts to consider 'objectively reasonable interpretations of the report.' How third-party companies choose to utilize algorithms to decipher the accurate information reported by Defendant has no bearing on the accuracy of the report itself. Plaintiff essentially posits that Trans Union is required to 'report only that information which is favorable or beneficial to the consumer[,]' which runs directly afoul of Eleventh Circuit precedent and the FCRA.

O'Neal, 2021 WL 4989943, at *3. The Court agrees and adopts the reasoning of the O'Neal court in this case.

Brown argues that the binding holding in Erickson and the persuasive views set forth in O'Neal and Pineda are "antiquated" and out of touch with the "real world of credit lending." (Doc. # 38 at 18-19). But this Court cannot ignore binding and on-point Eleventh Circuit precedent. Moreover, to the extent Brown argues that the text of the FCRA needs to be updated to reflect modern technology, Congress is the branch with the power to do so, not the courts.

In sum, the Court agrees with Exeter that Brown's FCRA claims are due to be dismissed. Further, because the text of the credit reports is not in dispute, and it is derogatory but not materially inaccurate, amendment of these claims would be futile. Because Brown cannot establish inaccuracy or falsehood in the reports, her claims against Exeter are due to be dismissed with prejudice. See Lacey, 2021 WL 2917602, at *6 (dismissing similar claims with prejudice); Smith, 2021 WL 3111583, at *2 (same); see also Silberman v. Miami Dade Transit, 927 F.3d 1123, 1133 (11th Cir. 2019) (explaining that while leave to amend ought generally to be freely granted, leave to amend need not be granted when any amendment would be futile). Accordingly, Exeter's Motion is due to be

granted and Brown's claims against Exeter dismissed with prejudice.

Pursuant to Federal Rule of Civil Procedure 54(b), this Court may only direct entry of a final judgment as to fewer than all claims or parties if the Court determines that there is no just reason to delay entry of such final judgment. Here, while, the Court has granted Exeter's Motion for Judgment on the Pleadings, Brown's claims against Equifax are still pending. Accordingly, the Court will not enter final judgment at this time. <u>See</u> Fed. R. Civ. P. 54(b).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Exeter Finance, LLC's Motion for Judgment on the Pleadings (Doc. # 35) is **GRANTED.**

(2) Counts Five and Six of the Complaint are dismissed with prejudice.

(3) This case shall proceed as to the remaining Defendant, Equifax Information Services, LLC.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>4th</u> day of February, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE